**Vamsidhar Reddy VURIMINDI, Appellant**

v.

**WYETH PHARMACEUTICALS, (Pfizer); Accenture; MedFocus; Stephen Kopko; Robert Moyer.**

No. 11–1798.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Oct. 11, 2011.

Opinion filed: Oct. 12, 2011.

Vamsidhar Reddy Vurimindi, Philadelphia, PA, pro se.

George C. Hlavac, Esq., Steven E. Hoffman, Esq., Tallman, Hudders & Sorrentino, Allentown, PA, Gerard F. Lipski, Esq., Kennedy, Campbell, Lipski & Dochney, Philadelphia, PA, for Appellee.

Before: SLOVITER, FISHER and WEIS, Circuit Judges.

OPINION

PER CURIAM.

In December 2009, Appellant, Vamsidhar Vurimindi, commenced this action in the Court of Common Pleas of Philadelphia County against defendants Wyeth Pharmaceuticals (Pfizer), MedFocus (Inventive Clinical Solutions), Accenture, Stephen Kopko and Robert Moyer. In the complaint, Vurimindi, who had worked

with the defendants in various capacities, claimed that they had violated the Civil Rights Act of 1964 by harassing him, sabotaging his work, and conspiring to tarnish his reputation. The complaint also included several state-law tort claims. The defendants subsequently removed the complaint to the United States District Court for the Eastern District of Pennsylvania. *See* 28 U.S.C. § 1441.

In August 2010, Vurimindi filed an amended complaint asserting the same federal claims as well as the following state-law claims against the defendants: breach of contract, wrongful termination, slander, fraud and misrepresentation, invasion of privacy, and interference with economic relationship. Soon thereafter, the defendants moved to dismiss the amended complaint on various grounds. Vurimindi then sought leave to amend the complaint a second time in order to withdraw his federal claims and assert additional state-law claims.[1]

By order entered March 23, 2011, the District Court dismissed the amended complaint for lack of jurisdiction. The court explained that, because Vurimindi consented to withdraw his federal claims, it no longer had federal question jurisdiction over the complaint, *see* 28 U.S.C. § 1331, and could not otherwise retain original jurisdiction because diversity of citizenship was lacking, *see id.* § 1332. The court recognized that it had the authority to assert supplemental jurisdiction over the remaining state-law claims, *see id.* § 1367, but determined that doing so would not serve any "useful purpose." Therefore, the court dismissed the amended complaint and denied Vurimindi leave to file a second amended complaint asserting additional state-law claims. Vurimindi now appeals from the District Court's order.[2]

We will affirm. The District Court properly concluded that, because Vurimindi withdrew his federal claims,[3] it no longer possessed subject matter jurisdiction over the matter. *See* 28 U.S.C. § 1331. Moreover, the court acted within its discretion in declining to exercise supplemental jurisdiction over the remaining state-law claims, including those presented in the proposed second amended complaint. *See Borough of West Mifflin v. Lancaster,* 45 F.3d 780, 788 (3d Cir.1995) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.") The matter is remanded to the District Court with directions that the case be returned to state court.

---

1. Specifically, Vurimindi sought leave to assert claims for promissory estoppel and intentional infliction of emotional distress.

2. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

3. Although Vurimindi includes in his brief argument in support of his federal civil rights claims, his motion for leave to file a second amended complaint makes clear that he intended to withdraw those claims.